UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| DR. JENNIFER LYNN GLASS, *et al.*,<br>    *Plaintiffs*, | :<br>:<br>: |
| v. | :  No. 1:16cv845-LY |
| | : |
| KEN PAXTON, *et al.*,<br>    *Defendants*. | :<br>: |
| _____ | : |

**APPLICATION FOR PRELIMINARY INJUNCTION**

Plaintiffs Glass, Moore, and Carter request a preliminary injunction under Rule 65 of the Federal Rules of Civil Procedure. The reasons supporting issuance of a preliminary injunction are more fully developed in the Memorandum in Support of Application for Preliminary Injunction to be filed the same day as this application; however, the basic statement of reasons is provided below, along with recitation in ¶ 8 of the requested injunction.

1. The three professors are tenured faculty at the University of Texas at Austin ("UT Austin"). They will be teaching classes there when Fall semester classes begin on August 24th. Each wants to be allowed to exercise the option of prohibiting her students from carrying concealed guns in class this Fall. Each would provide notice of the prohibition in class syllabi published on-line under Tex. Educ. Code § 51.974(a)(1).

2. In its 2015 regular session, the Texas Legislature enacted legislation, signed by the Governor, that radically overhauled historic rules governing carrying of concealed weapons on Texas higher education campuses to expand the prevalence of guns there. Broadly speaking, the 2015 legislation compelled university administrators to allow the concealed carrying of handguns on their campuses by those with Texas concealed carry licenses, as well as those from 43

other states whose right-to-carry rules Texas has chosen to recognize. Private universities in Texas, though, are allowed to opt out of the campus concealed carry requirement, Tex. Gov't Code § 411.2031(e), and all or nearly all such universities have chosen to do so.[*] In contrast, public universities such as UT Austin were inexplicably denied the opt-out right.

3.   The 2015 legislation *allowed* concealed carry of handguns in college classrooms, but did not expressly *mandate* it. See Tex. Att'y Gen. Op. KP-51 (2015) at 1 (new law "does not expressly address the extent to which the carrying of concealed handguns can be regulated specifically within classrooms"). Indeed, the 2015 legislation left in place a preexisting statute, Tex. Gov't Code § 411.203, which authorizes a public employer such as UT Austin's President to prohibit guns in all or portions—for example, classrooms—of campus buildings.

4.   On February 17, 2016, the President of UT Austin forwarded campus carry policies adopted under Tex. Gov't Code § 411.0231(d-1) to the UT System. These policies did not directly address whether concealed carry was mandated in UT Austin classrooms, nor did they invoke, much less mention, the UT President's Section 411.203 option to ban guns in classrooms. These policies would not take effect for 90 days, until May 16, 2016. Tex. Gov't Code § 411.2013(d-2) (1st sent.). In the interim, the UT System Board of Regents could review the policies and modify them by a supermajority vote.

5.   The Board of Regents met during the interim 90-day period but took no action on the UT Austin policies. The Board met again after the 90-day period, on July 13, 2016, and allowed the UT Austin President's policies to go into effect, with one modification: they eliminated the policy barring chambered rounds in on-campus guns. The next day, July 14th, UT Austin's

---

[*] *See* https://apps.texastribune.org/private-university-campus-carry/ (identifying choices of 38 private Texas colleges and showing 34 opt-outs and none choosing campus carry; 4 either did not report or had not decided).

Provost e-mailed UT Austin's faculty, announcing that the Board of Regents had "signed off" on the policies the day before. The Provost's message included for the first time an express statement that UT Austin "[f]aculty members may not impose a ban on concealed handguns in their classrooms."

6. The plaintiff professors want to exercise the individual option of banning guns from their classrooms starting August 24th. Compelling them to allow guns in their classrooms would impinge on their First Amendment rights of academic freedom. The forced presence of handguns will inevitably dampen classroom debate, discussion, and intellectual exploration by the undifferentiated intimidation unavoidably imposed by the close presence of hidden, loaded guns. The spectrum for robust academic discussion will be narrowed. Now, for the first time, somewhere along the path of free and open discussion, a threshold may be crossed and a sufficiently perturbed student may pull a lawfully carried, hidden, loaded weapon, brandish it, and even shoot the professor or another student. From the very first day of class on August 24th, academic freedom will be chilled by a more palpable threat of gun violence, with irreparable, adverse consequences for teaching and learning. Heightening the legal concern is that there is no conceivable rational basis for exposing the professors to this chilling effect simply because they happen to teach at a public university, while similarly situated professors in Texas private universities are free of the threat.

7. Attached as exhibits, and incorporated into this application, are declarations by Professor Glass (Exh. 1), Professor Moore (Exh. 2), and Professor Carter (Exh. 3).

8. The professors seek a preliminary injunction which, pending final trial on the merits, bars the UT defendants and the Attorney General from implementing and enforcing any rule in

Texas statutes, the adopted UT Austin policies, or informal policy directives to the extent that they bar the three professors from exercising the option of excluding guns from their UT Austin classrooms starting August 24th.

WHEREFORE, the plaintiffs urge the Court to grant a preliminary injunction as requested.

    Respectfully submitted,

    GEORGE, BROTHERS, KINCAID & HORTON LLP

    */s/R. James George, Jr.*
       R. James George, Jr.
       State Bar No. 07810000
    114 West 7th Street, Suite 1100
    Austin, Texas 78701
    (512) 495-1400
    (512) 499-0094 *facsimile*
    rjgeorge@gbkh.com

    GREENSTEIN & KOLKER

    By: __/s/ *Malcolm Greenstein*___
       Malcolm Greenstein
       State Bar No.08403300
    1006 E. Cesar Chavez Street
    Austin, Texas 78702
    malcolm@greensteinandkolker.com
    Telephone:   (512) 472-6270
    Facsimile:    (512) 472-8263

    ____/s/ *Renea Hicks*_____
    Renea Hicks
    Texas Bar No. 09580400
    LAW OFFICE OF MAX RENEA HICKS
    101 West 6th Street, Suite 504
    Austin, Texas 78701
    (512) 480-8231
    fax (512) 480-9105
    rhicks@renea-hicks.com

    ATTORNEYS FOR PLAINTIFFS

## CERTIFICATE OF SERVICE

    I hereby certify that on the 22nd day of July, 2016, I served a true and correct copy of the foregoing pleading on all counsel of record through the Court's CM/ECF system.

                                        __/s/ Renea Hicks_____
                                        Max Renea Hicks