UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| Dr. Jennifer Lynn Glass, *et al.*, *Plaintiffs*, | : : : | |
| v. | : : | No. 1:16cv845-LY |
| Ken Paxton, *et al.*, *Defendants*. | : : : | |

**PRELIMINARY INJUNCTION**

The Court has before it the Application for Preliminary Injunction ("Application") filed by Plaintiffs Glass, Moore, and Carter. Notice of the Application has been provided counsel for the President of the University of Texas at Austin and the Board of Regents of the University of Texas System (collectively, "UT defendants") and counsel for the Attorney General of Texas ("Texas AG"). Having considered the matters raised by Plaintiffs and Defendants on the question whether the requested preliminary injunction should issue, the Court determines as follows under Rule 65(d) of the Federal Rules of Civil Procedure:

1. Plaintiffs' Application for a Preliminary Injunction is GRANTED.

2. Until further order of this Court, the UT Austin Defendants and the Texas AG Defendant are ENJOINED from implementing and enforcing any rule in Texas statutes, any adopted UT Austin policies concerning concealed carry on campus, and any informal policy directives concerning concealed carry on campus to the extent that they bar the Plaintiffs from exercising the option of excluding guns from their UT Austin classrooms starting August 24, 2016, and from notifying their students through posted syllabi about their policy concerning the presence of concealed weapons in their classrooms.

3. The Court has determined that the Plaintiffs are likely to prevail on the merits of their claims that application of the challenged concealed carry statutes, policies, and advisories to bar Plaintiffs from excluding concealed handguns from their classrooms starting August 24, 2016: (a) infringes on their First Amendment rights to academic freedom; and (b) denies them the equal protection of the laws guaranteed by the Fourteenth Amendment.

4. Plaintiffs have also established that there is a substantial threat that they will suffer irreparable injury if this injunction is not granted. Without the preliminary injunction, they will be forced to begin Fall 2016 semester classes by allowing concealed weapons in their classrooms. This will have an immediate, irremediable adverse impact on the academic freedoms pursued in the classrooms, one that cannot be repaired, especially since it is only a one-semester course.

5. The threatened injury to Plaintiffs easily outweighs any harm that might befall the UT defendants or the Texas AG from not granting the injunction. The requirement that concealed handguns be allowed in Plaintiffs' classrooms advances no legitimate state interest in connection with higher education at UT Austin. This is a new experiment, being tried after more than a century of guns not being allowed in the classroom. Waiting a while longer, at least until trial on the merits, works no meaningful harm to Defendants.

6. Issuance of this injunction will not disserve the public interest. The public has a substantial interest in the pursuit of a meaningful, rigorous education on its higher education campuses, including at UT Austin.

7. The Court exercises its discretion to not require Plaintiffs to provide security under Rule 65(c) of the Federal Rules of Civil Procedure.

SIGNED this _____ day of August, 2016.

                                                                                _____
                                                                                 UNITED STATES DISTRICT JUDGE