Case 1:16-cv-00845-LY   Document 41-2   Filed 08/08/16   Page 1 of 14




Handbook of Operating Procedures 2-2310

# Faculty Grievance Procedure

The University of Texas at Austin
Executive Sponsor: Executive Vice President and Provost
March 13, 2014

## I. Policy

A. A faculty member of The University of Texas at Austin ("University") has the right to seek redress of any grievance related to the terms and conditions of employment. As used in this grievance policy, the term "faculty member" includes all tenured, tenure-track, and non-tenure track faculty (including visiting faculty) and excludes graduate student titles such as assistant instructors and teaching assistants. This grievance procedure may be used by a part-time or zero percent (0%) time faculty member who holds a concurrent administrative or staff appointment. However, only matters within the terms and conditions of the faculty appointment may be considered. Matters within the terms and conditions of the administrative or staff appointment may be addressed only through available administrative or staff grievance procedures.

B. Each faculty member may express a grievance through the following procedures with the assurance of timely and thorough consideration. Grievants are assured freedom from reprisal for the filing of their grievance.

C. The administration has the right to discipline members of the faculty. It also has the right to terminate faculty members for good cause. University of Texas System Board of Regents' **Rule 31008 (http://www.utsystem.edu/board-of-regents/rules/31008-termination-faculty-member)** "Termination of a Faculty Member", shall govern termination of a tenured faculty member and a non-tenured faculty member who is terminated before the expiration of his or her appointment. (Faculty members with zero percent (0%) time positions are appointed only during and until the end of any semester in which they are teaching.) Additional procedures for handling these actions are set out in the paragraphs below. These procedures do not apply to matters handled under **HOP 3-3031** (http://www.policies.utexas.edu/policies/prohibition-sexual-

EXHIBIT B

discrimination-sexual-harassment-sexual-assault-sexual-misconduct), "Prohibition of Sexual Discrimination, Sexual Harassment, Sexual Assault, Sexual Misconduct, Interpersonal Violence, and Stalking in the University's *Handbook of Operating Procedures*. The faculty member retains the right to follow the procedures below to appeal any discipline imposed under the "Prohibition of Sexual Discrimination, Sexual Harassment, Sexual Assault, Sexual Misconduct, Interpersonal Violence, and Stalking" policy.

1. In cases where the president has determined that allegations are supported by credible evidence that, if proven, constitute good cause for termination of a faculty member under **Rule 31008 (http://www.utsystem.edu/board-of-regents/rules/31008-termination-faculty-member),** the president may suspend the faculty member with pay pending the completion of the hearing and final decision by the Board of Regents after determining that such a suspension is in the best interest of the institution. Unless the president determines immediate suspension is necessary, the president shall consult with the Committee of Counsel on Academic Freedom and Responsibility before making the suspension.

2. Other discipline includes such actions as suspension without pay, reduction in pay, demotion, written reprimand, and professional sanctions that are in writing and made part of the faculty member's personnel file. The routine assignment of work responsibilities, such as teaching and committee service, is not considered disciplining. Oral reprimands and oral counseling are not considered discipline.

3. In these other instances of disciplining defined in I.C.2, disciplinary action shall be imposed as follows:

    a. If the president or provost determines that immediate discipline is necessary, the provost or president may impose disciplinary action on a faculty member without following the provisions of I.C.3.b or I.C.3.c below. Without revealing the identity of the individual, the administrator who has imposed the discipline will inform the Faculty Grievance Committee, in writing, within three (3) working days of the action taken, the reasons for it, and any additional action being contemplated. The faculty member will also receive a written explanation for the action taken within three (3) working days. The faculty member has the right to grieve the imposed discipline.

    b. If an administrator, other than the president or provost, determines that immediate discipline is necessary, the following steps will occur:

        i. The administrator will notify the faculty member in writing, with copy to the provost, of his or her intent to seek the provost's approval to proceed with immediate discipline.

        ii. The affected faculty member may appeal this request in writing to the provost within five (5) working days of receiving the administrator's notification.

        iii. If the provost determines that immediate action is not necessary, the provost shall

EXHIBIT B

      notify the administrator. The administrator may proceed with discipline under I.C.3.c.iii below.

    iv. Except when the provost determines he or she must act immediately, the provost, without revealing the identity of the individual, will consult with the Faculty Grievance Committee prior to approving the administrator's imposition of disciplinary action. In those cases where the provost approves immediate disciplinary action, the provost, without revealing the identity of the individual, will inform the Faculty Grievance Committee, in writing, within three (3) working days of the action taken, the reasons for it, and any additional action being contemplated. The faculty member affected will also receive a written explanation for the action taken within three (3) working days.

    v. The faculty member has the right to bring a grievance of the disciplinary action imposed.

  c. If an administrator determines that discipline, other than immediate discipline, is needed, the following steps will occur:

    i. The administrator, prior to imposing a disciplinary action, shall provide the affected faculty member an explanation in writing of the basis for the proposed action. The affected faculty member shall have ten (10) working days to respond in writing to the explanation.

    ii. If the affected faculty member does not provide a written response within ten (10) working days, the administrator may proceed with the disciplinary action.

    iii. If the affected faculty member submits a timely response to the explanation of the proposed disciplinary action, the administrator, within five (5) working days of receiving such response, shall inform the faculty member in writing whether he or she intends to proceed with the disciplinary action and shall inform the faculty member of the various avenues of remedy (such as the faculty member's superior; departmental, college or university review; ombudsman; and the Faculty Grievance Committee).

    iv. If the administrator's intent is to proceed with the disciplinary action, the affected faculty member shall have fifteen (15) working days from the notice of intent to discipline to initiate a grievance. A faculty member initiates a grievance by submitting a written grievance to the chair of the Faculty Grievance Committee, with a copy to the administrator. If the faculty member submits a grievance, such action will automatically suspend the imposition of the disciplinary action.

    v. If the faculty member does not initiate a faculty grievance, the administrator may proceed with the disciplinary action. The faculty member retains the right to appeal

EXHIBIT B

   the disciplinary action after its imposition.

4. Requests for extension of the stated deadlines are to be addressed to the Faculty Grievance Committee chair who will consult with the provost.

5. In all cases of disciplinary action of faculty under I.C.2, appropriate remedies shall be sought for a faculty member who is disciplined but subsequently found to have been wrongly punished. Reasonable efforts will be made, in accordance with applicable policies and rules, to return the faculty member to the status that he or she had prior to the inappropriate disciplinary action and to provide any professional benefits he or she would have received from the University had the disciplinary action not occurred. If a hearing panel determines that a faculty member was disciplined inappropriately, the panel's report shall recommend appropriate remedies.

6. These procedures in no way alter the right of the president to place a faculty member on administrative leave with pay when the president has determined that it is in the best interest of the University. Such cases do not constitute disciplinary action. The president will provide the Committee of Counsel on Academic Freedom and Responsibility a written explanation for the action taken with a copy to the affected faculty member.

D. The Committee of Counsel on Academic Freedom and Responsibility is charged with the general supervision and review of principles and procedures relating to academic freedom, tenure, and responsibility, including providing advice to the president on such issues as may arise during the consideration of faculty for tenure and/or promotion. The Faculty Grievance Committee is authorized to hear or otherwise dispose of individual grievances. The role of the Faculty Grievance Committee is to be an advocate for the grievance process but neutral with respect to the parties.

E. The grievance procedure described here does not replace any existing procedures for departmental, college or University review of appeals from actions of Budget Councils, departments, or colleges, or deny any access to other dispute-resolving mechanisms.

II. Issues Subject to Grievance Procedures

A. These procedures are established to process grievances of faculty members to the extent that they do not conflict and are in accordance with **Rule 31008** (http://www.utsystem.edu/board-of-regents/rules/31008-termination-faculty-member). Such grievances include, but are not limited to:

1. any issue bearing upon the academic freedom of an individual faculty member;

2. dismissal of a tenured faculty member or a non-tenured faculty member during the stated period of appointment. Such faculty terminations are to be handled in accordance with **Rule 31008** (http://www.utsystem.edu/board-of-regents/rules/31008-termination-faculty-member);

3. disciplinary actions defined under I.C.2;

4. administrative actions which the individual faculty member deems to be a violation of contractual

EXHIBIT B

      rights or an infringement upon the exercise of rights guaranteed by the laws or constitution of this state or the United States. These include the:

          a. non-renewal of a non-tenured faculty member. Decisions not to grant tenure and/or reappointment of tenure-track faculty members are to be appealed in accordance with **[Rule 31008](http://www.utsystem.edu/board-of-regents/rules/31008-termination-faculty-member)**, Sec. 6; and

          b. withholding of any substantial right, attribute, or perquisite such as, but not limited to, salary, promotion, or teaching or research award.

  B. A good faith dispute between a Budget Council or department or academic administrative officer (chair, dean, academic vice president or president) and a faculty member as to the quality of the faculty member's teaching or scholarship shall not be a basis upon which a hearing panel may grant relief, except in the case of grievances arising as the result of II.A.2 actions as described above (dismissal of either a tenured faculty member or a non-tenured faculty member during the stated period of appointment).

III. Faculty Grievance Committee and Hearing Panel

  A. The Faculty Grievance Committee (hereinafter "Committee") consists of sixteen (16) full-time voting members of the faculty, serving three (3) year staggered terms. Ten (10) members are elected at-large by the General Faculty, and six (6) members are appointed by the president through the regular procedures of the Committee on Committees. Each spring, five (5) members are elected at-large under the Hare System, and three (3) members are appointed by the president. Appointments to the Committee are made with the goal of ensuring appropriate representation of the various elements and interests comprised in the General Faculty. The total Committee membership shall not include more than four (4) faculty members from any school or college. The Committee selects its own chair and chair-elect, who assists the chair while learning the job and then serves one (1) year as chair. Only members who have had at least one (1) year's experience on the Committee are eligible for election as chair-elect. The Committee may delegate those functions it deems appropriate to subcommittees of three (3) or more members. The chair shall be responsible for maintaining records on all grievances filed and their ultimate disposition. At the end of each year, copies of these records shall be forwarded to the Secretary of the General Faculty for appropriate maintenance. The chair shall, in addition, provide the president and the Faculty Council an annual report summarizing the Committee's work. If not otherwise continuing, the immediate past chair of the Committee serves for one (1) additional year as an ex-officio member without vote to assist the new chair and to complete ongoing grievance cases.

  B. Formal hearings under this procedure shall be conducted by a special hearing panel (hereinafter "the panel"), consisting of three (3) faculty members drawn at random from a pool of faculty hearing officers, except in grievances arising from the dismissal of a faculty member as specified in II.A.2 and in grievances arising from the non-renewal of a non-tenured faculty member as specified in II.A.4.a. In grievances specified in II.A.2 and II.A.4.a, the panel shall consist of five (5) faculty members drawn at random from only those faculty members in the pool whose academic rank is at least equal to that of the aggrieved faculty member and the membership of these panels must be approved by the president. The

EXHIBIT B

pool shall be constituted in the following manner:

1. Each member of the Faculty Council shall appoint a hearing officer to serve for the period of the council member's term. If a member does not appoint a hearing officer, then that member's name will be added to the pool.

2. The president may appoint ten (10) additional hearing officers each year to serve two (2) year terms.

IV. Grievance Procedure

A. Time Limitations

Each step in the grievance procedure is exhausted either upon the grievant's receipt of the written decision or recommendation of the appropriate officer or body or upon expiration of the stipulated time period, whichever occurs earlier. Upon exhaustion of a step, the grievant may proceed to the next step of the procedure. The time periods stipulated may be extended upon mutual written agreement of the parties or by the Committee's approval of a request by the grievant or other party.

B. Request for Informal Assistance

1. Although not a prerequisite under this procedure, faculty members are encouraged to seek informal resolution of their grievance through the Faculty Ombudsman. Faculty members may also request, orally or in writing, the informal assistance of the Committee, including a member of the Committee to serve in an advisory capacity. Except as provided in IV.B.2 below, such a request is not a prerequisite to the use of the grievance procedure set forth below, and the faculty member may choose to file a formal complaint prior to the completion of the informal process. The Committee may recommend substantive reconsideration of the grievant's complaint by appropriate administrative officers or withdrawal or modification of the complaint by the grievant.

2. Any such request or grievance which involves alleged or suspected discrimination for reasons of race, sex, age, religion, or handicap shall be directed to the Office for Inclusion and Equity prior to the initiation of any grievance procedure. After consultation with this office or if such consultation has already taken place, the faculty member may continue under these procedures.

C. Initiation and Processing of Complaints

1. Step One

    a. All Grievances Other Than Those For (i) Decisions Not To Grant Tenure and/or Reappointment of Tenure Track Faculty (II.A.4.a) and (ii) Dismissal of a Tenured Faculty Member or a Non-Tenured Faculty Member During the Stated Period of Appointment.

    The faculty member initiates the formal grievance procedure by submitting a written complaint to the chair of the Committee. If the grievant has both a faculty appointment and

EXHIBIT B

an administrative or staff appointment, the chair of the Committee shall determine which portions of the grievant's complaint are within his or her faculty employment and may proceed under this procedure. In most cases the grievant proceeds to Step Two below. However, the Grievance Committee may determine that Steps Two and Three are unnecessary and advise the grievant to bypass those steps and proceed to Step Four, subsection b.

b. Decision Not to Grant Tenure and/or Reappoint a Tenure-Track Faculty Member (II.A.4.a).

To initiate a grievance arising under II.A.4.a, the faculty member presents his or her grievance to the provost and meets with the provost (see **Rule 31008 (http://www.utsystem.edu/board-of-regents/rules/31008-termination-faculty-member)**, Sec. 6.). If the faculty member seeks further review of a non-renewal decision, he or she shall submit to the president, with a copy to the Committee, a written request for review by a hearing panel. That request will describe in detail why the grievant believes that the non-renewal decision was based on a violation of contractual rights or an infringement upon the exercise of rights guaranteed by the laws or constitution of the state or the United States.The provost subsequently shall submit to the president his or her analysis of the grievant's allegations that the non-renewal decision was based on a violation of contractual rights or an infringement upon the exercise of rights guaranteed by the laws or constitution of the state or the United States. The president shall ask the Committee to review the materials submitted by the grievant and the provost and to provide its advice regarding which allegations, if any, should be subject to a hearing under this procedure. If after this consultation the president determines that the alleged facts, if proven by credible evidence, support a conclusion that the decision was made for unlawful reasons, such allegations shall be heard by a panel under the procedures in Step Five (as provided in IV.C.5). Upon such determination, the grievant shall be advised of the appropriate steps (including IV.B.2) to be followed in the procedure.

c. Dismissal of a Tenured Faculty Member or a Non-Tenured Faculty Member During the Stated Period of Appointment (II.A.2).

In grievances arising under II.A.2, Steps Two, Three, and Four (as provided in IV.C.2, IV.C.3, and IV.C.4) shall be bypassed and the formal grievance procedure shall begin with Step Five (as provided in IV.C.5).

2. Step Two

The grievant submits a complaint in writing to the chair of the department. The chair of the Committee shall, if requested, designate a member of the Committee to serve in an advisory capacity to any party of the grievance. Within ten (10) working days of receipt of the complaint, the chair of the department must provide the grievant with a decision or recommendation in writing, with a copy to the chair of the Committee.

EXHIBIT B

3. Step Three

   The grievant may appeal the decision or recommendation of the chair of the department to the dean of the appropriate school or college. The appeal must be in writing and submitted within ten (10) working days after the exhaustion of Step Two. Within ten (10) working days of receipt of the appeal, the dean must provide the grievant with a written decision or recommendation, with a copy to the chair of the Committee.

4. Step Four

   a. The grievant may appeal the decision or recommendation of the dean to the Committee. The appeal must be in writing and submitted to the chair of the Committee within ten (10) working days after the exhaustion of Step Three (IV.C.3).

   b. The Committee shall determine whether the grievant's complaint, construing all allegations in the light most favorable to the grievant, states a claim upon which relief may be granted and whether there is a reasonable factual basis to believe that the grievant's allegations might be sustained. This determination must be made by a subcommittee of three (3) members of the Committee to be selected as specified in IV.C.4.c below.

      i. A finding by at least two (2) members of this subcommittee of a failure to state a claim upon which relief may be granted, or that there is not a reasonable factual basis to believe that the grievant's allegations might be sustained, will result in dismissal of the complaint. Such a dismissal will be transmitted to the parties in writing and will serve as a final decision concluding the faculty grievance procedure.

      ii. If the complaint is not dismissed at this stage, then the Committee may attempt to resolve the grievance through informal means. If it is unable to do so within ten (10) working days after receipt of the appeal, the Committee shall so notify the parties in writing.

   c. The subcommittee to make this finding shall be selected by the chair who shall circulate a synopsis of the complaint to the Committee and the members shall provide a written response proposing three (3) members to serve thereon and the reason why they or any other member should not so serve. In making these responses, the members shall consider the importance of a balanced, impartial, and knowledgeable subcommittee, no members of which shall have been involved in any way in the grievance.

   d. In discharging the functions described in this section, the subcommittee shall have the authority to exercise the rights provided the panel in V.A.9.

5. Step Five

EXHIBIT B

a. Within ten (10) working days after the exhaustion of Step 4, the grievant may request a formal hearing. The request must be in writing and submitted to the chair of the Committee.

b. The Committee shall assign a hearing panel selected as provided for in III.B above. The panel shall not include any accuser of the grievant, anyone involved in any way in the action or circumstances giving rise to the grievance, or anyone who may be a witness in the hearing. If any member of the panel is of the view that he or she cannot serve with fairness and objectivity, that person shall not participate in the hearing from whatever time that member becomes aware of the impediment to continued service. Either party may move to disqualify a panel member whose service is alleged to be in violation of these provisions. It shall be up to each such challenged member to determine whether he or she can serve with fairness and objectivity in the matter. If a panel member should voluntarily disqualify himself or herself, the Committee shall assign a substitute in accordance with the above procedure.

c. On the basis of the grievant's complaint and construing all allegations in the light most favorable to the grievant, the panel may decide that the complaint is frivolous, too minor to warrant a hearing, or does not state a claim upon which relief may be granted. Two (2) members of a three-member panel or four (4) members of a five-member panel may decide to dismiss the complaint except in grievances arising under II.A.2 and II.A.4.a. Such a dismissal will be transmitted to the parties in writing and will serve as a final decision concluding the Faculty Grievance Procedure. In all other cases, the panel shall hold a formal hearing. The panel's decision to hear the grievant's complaint shall be transmitted to the parties in writing. The parties may then request production of documents under the procedures set forth in V.B.6 of this procedure.

d. A hearing shall be held by the panel in accordance with the procedures contained in Section V, at the earliest date convenient to all concerned parties. Every effort will be made to convene the hearing within fifteen (15) working days after the hearing is formally requested. The parties must be given notice of the hearing date at least ten (10) working days in advance.

e. Upon completion of termination hearings conducted under **Rule 31008 (http://www.utsystem.edu/board-of-regents/rules/31008-termination-faculty-member)** (see II.A.2), the original of the panel's findings and recommendation, with any supplementary suggestions, shall be delivered to the president, with a copy to the faculty member. If minority findings, recommendations, or suggestions are made, they shall be similarly treated. The original transcript of the testimony and the exhibits shall also be forwarded to the president. Within fourteen (14) work days after receipt of the findings and recommendations of the hearing tribunal, the president shall make one of the following decisions based solely on the evidence of record in the proceedings and report that decision in writing to the accused faculty member:

EXHIBIT B

      i. The president may decide to dismiss the matter or impose sanctions short of termination. In this case, the president's decision is final and the Board of Regents will not review the matter.

      ii. If the allegations are supported by evidence that constitutes good cause for termination, the president may decide to recommend termination to the Board of Regents. If so, the president shall forward the findings and recommendations of the hearing panel, the original transcript of the testimony and the exhibits to the Board of Regents for its review, along with the president's report. If the president's recommendation is not the same as the majority recommendation of the hearing panel, the president shall state the reasons for the president's decision to recommend termination in his or her report. The faculty member may, within seven (7) work days after receiving the president's report, submit a written response to the Board of Regents. The response must be based solely on the evidence of record in the proceeding. The Board of Regents will approve, reject, or amend such findings, recommendations, and suggestions, if any, or will recommit the report to the same panel for hearing additional evidence and reconsidering its findings, recommendations, and suggestions, if any. The final decision of the Board of Regents constitutes conclusion of the termination proceedings and consideration of the matter by the University.

Upon completion of hearings conducted under **Rule 31008** (http://www.utsystem.edu/board-of-regents/rules/31008-termination-faculty-member) regarding decisions not to grant tenure and/or reappoint tenure-track faculty members (see II.A.4.a), the original of the panel's findings and recommendations, with any supplementary suggestions, shall be delivered to the president for consideration and action, with a copy to the faculty member, the provost, and the chair of the Faculty Grievance Committee. If minority findings, recommendations, or suggestions are made, they shall be similarly treated.

Upon completion of any other kind of hearing, the panel shall notify the parties and the president of its recommendations, including its findings, determinations, and any minority report. In all cases of disciplinary action, if a hearing panel determines that a faculty member was disciplined inappropriately, the panel shall recommend appropriate remedies. If the parties voluntarily accept the panel's recommendations and possess authority for their implementation, the grievance procedure is concluded.

  f. To ensure that hearing panel recommendations that are agreed to by the parties or approved by the president or Board of Regents are implemented in a timely fashion, the provost shall report to the Grievance Committee at the end of each semester (or sooner if appropriate) on actions taken to implement panel recommendations. The Grievance Committee will monitor the implementation of the panel recommendations.

6. Step Six

EXHIBIT B

    a. All Grievances Other Than Those For (i) Decisions Not To Grant Tenure and/or Reappointment of Tenure Track Faculty (II.A.4.a) and (ii) Dismissal of a Tenured Faculty Member or a Non-Tenured Faculty Member During the Stated Period of Appointment.

    If the parties do not voluntarily accept and implement the panel's recommendations, either or both parties may appeal to the president. The appeal(s) must be in writing and submitted within ten (10) working days after the panel makes its recommendations. The president shall render a decision in writing, to the grievant within ten (10) working days after receipt of the appeal, with copies to all concerned parties. The president may endorse, modify, or reject the recommendations of the panel. The president's written decision serves as a directive for any action necessary to comply with his or her decision. The decision of the president constitutes the conclusion of the Faculty Grievance Procedure.

    b. Grievances For Decisions Not To Grant Tenure and/or Reappointment of Tenure-Track Faculty Members (II.A.4.a).

    Upon receipt by the president of the hearing transcript and record, the president shall provide the parties ten (10) working days to make written arguments based upon the hearing record. Upon conclusion of the ten (10) day period for receipt of written arguments, the president shall review and consider the hearing record and written arguments and shall make a good faith effort to provide a written decision within ten (10) working days. If, however, the president is unable to meet this timeframe, he or she shall within the ten (10) working days advise the parties and the chair of the Faculty Grievance Committee the alternative timeframe for his or her decision.

V. Formal Hearing Procedures

  A. Conduct of Hearing

1. The panel shall conduct a hearing to determine the facts. In a discipline case under I.C.2 or termination of a tenured faculty member, or of a non-tenured faculty member before the expiration of appointment pursuant to **Rule 31008** (http://www.utsystem.edu/board-of-regents/rules/31008-termination-faculty-member), the burden of proof is on the administration to establish, by a preponderance of the evidence, that good cause was the basis of the dismissal or discipline. In all other cases, the burden of proof shall rest with the grievant to prove, by a preponderance of the evidence, that there was a substantial violation of the grievant's academic freedom, constitutional, statutory, or contractual rights.

2. General concepts of relevancy and materiality shall prevail at the hearing. The rules of evidence that apply in a court of law need not be strictly observed when, in the judgment of the panel, evidence of probative value is being offered; but every reasonable effort shall be made to obtain the most reliable evidence available.

3. At least three (3) working days before the hearing, each party shall notify the other and the panel of

EXHIBIT B

> the identity of witnesses, other than impeaching or rebuttal witnesses whose identity cannot reasonably be determined beforehand, to be called and of documents to be submitted in evidence. The parties shall have the right to confront and cross-examine all witnesses. The panel reserves the right to permit other witnesses to testify or to call other witnesses if the panel, in its discretion, deems such action to be advisable.

4. The panel shall ensure that all parties are afforded a fair procedure and substantial justice.

5. The panel may adjourn to enable either party to investigate evidence for which a claim of surprise is made.

6. Except for routine announcements, such as those relating to the time of the hearing and similar matters, public statements about the case by the parties, panel members or Committee members shall be avoided, as far as possible. Public statements, if any, concerning the decision or recommendation of the panel shall be withheld until final disposition.

7. In cases arising under II.A.2, the proceedings shall be recorded and transcribed by a court reporter, and a copy of the verbatim transcript will be supplied to the grievant. In all other cases, a full electronic record of the hearing shall be taken and made available to the parties. The grievant shall be required to pay the costs incident to the preparation of a verbatim transcript in all such cases; or if the administration has prepared such a transcript, the grievant upon request shall be provided with a copy of that transcript upon payment of the normal costs for making copies of documents in an individual's personnel file.

8. The panel by a majority of its total membership shall:

    a. make findings of fact;

    b. determine whether the facts so found constitute:

        i. good cause for discipline under I.C.2 or termination of a tenured faculty member or of a non-tenured faculty member before the expiration of appointment pursuant to **Rule 31008** (http://www.utsystem.edu/board-of-regents/rules/31008-termination-faculty-member); or

        ii. a violation of the grievant's academic freedom or constitutional, statutory, or contractual rights;

    c. make such recommendations as it deems appropriate. Such findings and determination shall be based solely on any admissions and the evidence in the record.

9. The panel may, where deemed necessary, request that the dean of the Law School or the president provide, when feasible, legal counsel to the panel.

10. Pursuant to **HOP 8-1060** (http://www.policies.utexas.edu/policies/campus-concealed-carry) (Campus

EXHIBIT B

Concealed Carry), the concealed carry of handguns is prohibited in areas in which formal hearings are being conducted. Notice conforming to Texas Penal Code **Section 30.06 (http://www.statutes.legis.state.tx.us/Docs/PE/htm/PE.46.htm#46.03)** will be provided.

B. Rights of Parties

1. All parties, at any level of the grievance procedure, may be represented or accompanied by a reasonable number of personally chosen individuals, including legal counsel. If either party is to be represented by legal counsel at the hearing, that party shall provide reasonable notice to the other party prior to the hearing so that the other party may arrange to be represented by counsel at the hearing.

2. The party having the burden of proof will have the opportunity and duty to open and close the presentation and argument or discussion, if any, to be made to the panel.

3. Each party shall have the right to testify. The grievant may not be required to testify.

4. The hearing shall be closed unless the grievant requests a public hearing and the panel concludes that there are no compelling reasons for denying that request.

5. At the request of either party, the panel may permit a representative of one (1) or more professional educational associations to attend the proceedings as observers and to have access to all or portions of the evidence available under state and federal laws as the panel deems appropriate.

6. Obtaining Witnesses, Documents, or Other Evidence

    a. When a hearing is to be held, the parties shall be afforded an opportunity to obtain necessary witnesses, and the administration shall assist in securing the cooperation of witnesses. The provost will request the full cooperation in the grievance process of all faculty and administrators named in the case. Should a faculty member or administrator against whom a grievance is filed refuse or otherwise not cooperate with the procedures, that situation shall be reported to the hearing panel and the Provost's Office shall provide a representative to observe the proceedings.

    b. When a hearing is held, parties shall be afforded an opportunity to obtain relevant evidence within the control of the University, provided such evidence is not confidential or exempted from disclosure by law. Unless confidential or exempt from disclosure by law, documents relevant to the issues before the panel may be obtained by the parties to the grievance who do not have access to or control over relevant documents, by making a written request to the Public Information Officer, or his or her designee. The Public Information Officer, or his or her designee, will make such information available to a requestor in accordance with the provisions of the Texas Public Information Act. Unless made confidential by law under the Family Educational Rights and Privacy Act, responsive documents for which

EXHIBIT B

exceptions to disclosure apply are provided by the Public Information Officer, or designee, to the UT System Office of General Counsel so that a decision regarding applicability of the specified exceptions may be requested from the Texas Attorney General.

c. Grievance cases can nearly always be addressed with information from University records that does not exceed several hundred pages. It has been determined that it is in the public interest for the University to waive costs for making requested, relevant, public information available for inspection and copying as specified in this procedure. The University will provide at no cost up to five hundred (500) pages of information to a party of a grievance who is at Step Five (See IV.C.5) of this procedure. This waiver does not extend to any other University procedure, nor is it applicable at any other time in the grievance process.

A party to the grievance will be charged in accordance with the Texas Public Information Act if the requested information is:

  i. not relevant to the grievance at issue;

  ii. over a total of five hundred (500) pages; or

  iii. requested at any other step in the process, other than Step Five.

The chair of the Faculty Grievance Committee shall certify to the Public Information Officer that a grievance is at Step Five of the process and that the documents requested by the party are relevant to the grievance.

**For Assistance:** Questions regarding this policy should be directed to the Office of the Executive Vice President and Provost at (512) 471-4363 or at its website: **http://www.utexas.edu/provost/.** (http://www.utexas.edu/provost/)

**Flowcharts** (https://policies.utexas.edu/sites/default/files/Policy/2-2310_flowcharts.pdf)

Editoriala change made February 23, 2016, April 21, 2016
Previously HOP 3.18

Trouble viewing the documents available on this page? Download the Adobe PDF Reader (http://get.adobe.com/reader/) or a Microsoft document viewer (http://office.microsoft.com/en-us/downloads/office-online-file-converters-and-viewers-HA001044981.aspx).

EXHIBIT B